UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT ANTHONY PIÑA,<br>CDCR #BN-1661,<br><br>                                    Plaintiff,<br><br>vs.<br><br>SACUAN SECURITY & POLICE;<br>SAN DIEGO POLICE DEPARTMENT,<br><br>                                    Defendants. | Case No.: 3:21-cv-01577-JAH-BLM<br><br>**ORDER:**<br><br>**1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 2]**<br><br>**AND**<br><br>**2) DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2) AND 28 U.S.C. § 1915A(b)** |

Plaintiff Robert Anthony Piña, while incarcerated at Kern Valley State Prison ("KVSP") in Delano, California, and proceeding pro se, has filed a civil rights Complaint ("Compl.") pursuant to 42 U.S.C. § 1983. (*See* ECF No. 1, "Compl." at 1.) Piña claims Sacuan Security and Police[1] and the San Diego Police Department ("SDPD") violated his

---

[1] The Court presumes Plaintiff means to refer to the Sycuan Band of the Kumeyaay Nation, which is a "federally recognized tribe of Mission Indians from Southern California, located

"legal rights" on an unspecified occasion when an unidentified security guard assaulted him at the Sycuan Casino, and refused to return his personal property.  (*See id.* at 3.)

Piña has not prepaid the filing fee required by 28 U.S.C. § 1914(a) to commence a civil action.  Instead, he has filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

I.   **MOTION TO PROCEED IFP**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $402.[2]  *See* 28 U.S.C. § 1914(a).  The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).  *See Andrews v. Cervantes,* 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).  The fee is not waived for prisoners, however.  If granted leave to proceed IFP, they nevertheless remain obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, 577 U.S. 82, 84 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether their actions are dismissed for other reasons.  *See* 28 U.S.C. § 1915(b)(1), (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

To qualify, section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for

---

in an unincorporated area of San Diego County just east of El Cajon. The Sycuan band are a Kumeyaay tribe, one of the four ethnic groups indigenous to San Diego County." *See* https://en.wikipedia.org/wiki/Sycuan_Band_of_the_Kumeyaay_Nation (last visited Nov. 23, 2021).  Sycuan Casino is an gaming casino owned by the Sycuan Tribe.  *See* https://www.500nations.com/casinos/caSycuan.asp (last visited Nov. 23, 2021).

[2] Effective December 1, 2020, civil litigants must pay an additional administrative fee of $52, in addition to the $350 filing fee set by statute. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020)). The $52 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

. . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 577 U.S. at 84.

In support of his IFP Motion, Piña has submitted a copy of his California Department of Corrections and Rehabilitation ("CDCR") Inmate Statement Report, as well as a prison certificate authorized by a KVSP Accounting Officer. (ECF No. 2 at 2, 4–6.) *See* 28 U.S.C. § 1915(a)(2); S.D. Cal. CivLR 3.2; *Andrews*, 398 F.3d at 1119. These documents show Piña had an average monthly balance of $39.59, and average monthly deposits of $26.33 to his trust account during the six months prior to filing, but no available balance in his account at the time he filed suit. (ECF No. 2 at 2, 4, 6.) Therefore, the Court **GRANTS** Piña's Motion to Proceed IFP (ECF No. 2), and declines to assess any initial filing fee because his trust account statements show he "has no means to pay it." *Bruce*, 577 U.S. 84–85. Instead, the Court **DIRECTS** the Secretary of the CDCR to collect the entire $350 balance of the filing fees required by 28 U.S.C. § 1914 and to forward those fees to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(2). *See id.*

II.   **SCREENING**

    A.   **Standard of Review**

Because Piña is a prisoner and is proceeding IFP, his Complaint requires a preliminary review pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must *sua sponte* dismiss a prisoner's IFP complaint, or any portion found

frivolous, malicious, failing to state a claim, or seeking damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citation omitted).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)").

Federal Rules of Civil Procedure 8(a) and 12(b)(6) require a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121. Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. And while the court "ha[s] an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not "supply essential elements of claims that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

**B.      Factual Allegations**

Piña's factual allegations are sparse. He claims only that on some unspecified occasion, he was "assaulted" by a Sycuan Casino security guard, and that the SDPD was at some point involved. (See Compl. at 3.) Piña asserts that "not at any time were [his]

legal rights ever read," contends "all of this is on video records," and claims that "the Sacuan Police did not give [him] back [his] personal priv[a]t[e] property." (*Id.*)

### C. Discussion

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

First, Piña names only "Sacuan Security and Police," alleged to be "employed by" the casino, and the "San Diego Police Department" as Defendants. (*See* Compl. at 1, 2.) He does not indicate whether he seeks to sue the Tribe or the City of San Diego itself pursuant to 42 U.S.C. § 1983, or whether he instead seeks to sue some unnamed individual security guard or police officer. *See Inyo Cty., Cal. v. Paiute-Shoshone Indians of the Bishop Cmty. of the Bishop Colony,* 538 U.S. 701, 708 (2003) ("Native American tribes, like States of the Union, are not subject to suit under § 1983.").

"Persons" under § 1983 are state and local officials sued in their individual capacities, private individuals and entities which act under color of state law, and/or the local governmental entity itself. *See Vance v. Cnty of Santa Clara*, 928 F. Supp. 993, 995–96 (N.D. Cal. 1996). The SDPD is managed by and/or a department of the City of San Diego, but it is not an entity subject to suit under § 1983. *See e.g., United States v. Kama*, 394 F.3d 1236, 1239 (9th Cir. 2005) ("[M]unicipal police departments and bureaus are generally not considered 'persons' within the meaning of section 1983."); *Rodriguez v. Cnty. of Contra Costa*, 2013 WL 5946112 at *3 (N.D. Cal. Nov. 5, 2013) (citing *Hervey v. Estes*, 65 F.3d 784, 791 (9th Cir. 1995)) ("Although municipalities, such as cities and counties, are amenable to suit under *Monell* [*v. Dep't of Social Servs*, 436 U.S. 658 (1978)], sub-departments or bureaus of municipalities, such as the police departments, are not generally considered "persons" within the meaning of § 1983."); *Nelson v. Cty. of*

*Sacramento*, 926 F. Supp. 2d 1159, 1170 (E.D. Cal. 2013) (dismissing Sacramento Sheriff's Department from section 1983 action "with prejudice" because it "is a subdivision of a local government entity," *i.e.*, Sacramento County); *Gonzales v. City of Clovis*, 2013 WL 394522 (E.D. Cal. Jan. 30, 2013) (holding that the Clovis Police Department is not a "person" for purposes of section 1983). Therefore, Piña cannot pursue any § 1983 civil rights claims against the SDPD itself.

Moreover, even if he had named the City of San Diego as a defendant, *see Monell*, 436 U.S. at 690 ("[Municipalities and other local governmental units . . . [are] among those persons to whom § 1983 applies."), to bring a § 1983 claim he must plead that the "municipality's policy or custom caused a violation of [his] constitutional rights." *Ass'n for L.A. Deputy Sheriffs v. Cnty. of Los Angeles*, 648 F.3d 986, 992–93 (9th Cir. 2011). In short, Piña must allege that "(1) [he] was deprived of a constitutional right; (2) the municipality had a policy; (3) the policy amounted to deliberate indifference to [his] constitutional right; and (4) the policy was the moving force behind the constitutional violation." *Lockett v. Cnty. of Los Angeles*, 977 F.3d 737, 741 (9th Cir. 2020). His pleading includes no such allegations.

Piña also fails to allege whether either purported Defendant acted under color of tribal or state law when he was assaulted, or whether he seeks to hold any individual liable for actions taken in either their personal or official capacities. *See Marsh v. County of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law" pleading requirements); *Hafer v. Melo*, 502 U.S. 21, 25 (1991) (noting that official-capacity suits filed against state officials are merely an alternative way of pleading an action against the State itself); *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) ("Personal-capacity suits seek to impose liability upon a government official for actions [the official takes] under color of state law."). Sovereign immunity "protects tribal employees where a tribe's officials are sued in their official capacities" because such a suit would in effect be against the tribe. *See Pistor v. Garcia*, 791 F.3d 1104, 1110 (9th Cir. 2015) (citing *Maxwell v. Cnty. of San Diego*, 708 F.3d 1075, 1086 (9th Cir. 2015)). Thus, absent a waiver of sovereign immunity,

Piña also cannot sue Sycuan or any of its security officers based on acts taken within the scope of their delegated tribal authority in federal court. *See Kennerly v. United States*, 721 F.2d 1252, 1258–59 (9th Cir. 1983) (holding that, because "there has been no express waiver [of sovereign immunity] or consent to suit, nor any congressional authorization for such a suit against the Tribe, [the federal courts] are without jurisdiction"); *Hardin v. White Mountain Apache Tribe*, 779 F.2d 476, 479–80 (9th Cir. 1985).

Finally, even if he had named a proper Defendant, Piña further fails to identify or even minimally explain how his constitutional rights were violated. These omissions matter because while Federal Rule of Civil Procedure 8(a)(2) does not require "detailed factual allegations," Piña's Complaint must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). To state a plausible claim for relief, Piña must "plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

The Court is mindful that Piña need not set forth a complete or perfect "legal theory supporting [his] claim" in order to plead a plausible entitlement to relief. *See Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 11 (2014). However, even pro se litigants must allege a minimal factual and legal basis for each claim sufficient to provide fair notice to each Defendant of the grounds upon which their claims rest. *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991). As currently pleaded, Piña claims only that he was "assaulted by the security guard" at Sycuan Casino. (*See* Compl. at 3.) Thus, it appears Piña's claims would arise under the Fourth Amendment. *See Smith v. City of Hemet*, 394 F.3d 689, 700 (9th Cir. 2005) (en banc) ("All claims that law enforcement officers have used excessive force . . . in the course of an arrest must be analyzed under the Fourth Amendment[.]").

However, "[n]ot every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates the Fourth Amendment[,]" *Graham*, 490 U.S. at 396

(internal citation and quotation omitted), and "[f]orce is excessive [only] when it is greater than is reasonable under the circumstances." *Santos v. Gates*, 287 F.3d 846, 854 (9th Cir. 2002).  Therefore, every Fourth Amendment inquiry "requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Graham,* 490 U.S. at 396 (citation omitted).

Here, Piña has failed to include any facts which explain the circumstances giving rise to his assault, identify the nature or severity of his offense, or even minimally describe the objective unreasonableness of any individual officer's actions with respect to the incident; therefore, his Complaint fails to state a plausible Fourth Amendment claim for relief.  *See Iqbal*, 556 U.S. at 678 ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully.") (citation omitted).

Thus, the Court concludes Piña's Complaint must be dismissed *sua sponte* for failing to state a claim upon which § 1983 relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and  § 1915A(b)(1), as well as pursuant to Rule 8(a)(2) because "one cannot determine from the complaint who is being sued, for what relief, and on what theory."  *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996).  Because Piña is proceeding pro se, the Court will grant him an opportunity to amend now that he has been provided "notice of the deficiencies in his complaint." *See Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992)).

///
///
///
///
///
///

## III. CONCLUSION AND ORDER

Accordingly, the Court:

1. **GRANTS** Piña's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

2. **DIRECTS** the Secretary of the CDCR, or her designee, to collect from Piña's trust account the $350 filing fee owed in this case by garnishing monthly payments in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS MUST BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order by U.S. Mail on Kathleen Allison, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001, or by forwarding an electronic copy to trusthelpdesk@cdcr.ca.gov.

4. **DISMISSES** Piña's Complaint *sua sponte* and in its entirety based on his failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

5. **GRANTS** Piña 45 days leave from the date of this Order in which to file an Amended Complaint which cures the deficiencies of pleading noted. Piña's Amended Complaint must be complete by itself without reference to his original pleading. Defendants not named and any claim not re-alleged in his Amended Complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

If Piña fails to file an Amended Complaint within 45 days, the Court will enter a final Order dismissing this civil action based both on his failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b) and his failure to

prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED.**

Dated: December 3, 2021

_____
Hon. John A. Houston
United States District Judge