1

2

3

4

5

6                    UNITED STATES DISTRICT COURT

7                 SOUTHERN DISTRICT OF CALIFORNIA

8

| | |
|---|---|
| 9  ROBERT ANTHONY PIÑA,<br>    CDCR #BN-1661, | Case No.  3:21-cv01577-JAH-BLM |
| 10 | **ORDER DISMISSING CIVIL** |
| 11                              Plaintiff, | **ACTION PURSUANT**<br>**TO 28 U.S.C. § 1915(e)(2)(B)(ii) AND** |
| 12          vs. | **§ 1915A(b)(1) AND FOR FAILING** |
| 13 SACUAN SECURITY & POLICE;<br>    SAN DIEGO POLICE DEPARTMENT, | **TO PROSECUTE IN COMPLIANCE**<br>**WITH COURT ORDER** |
| 14                              Defendants. | **REQUIRING AMENDMENT** |

15

16          Plaintiff Robert Anthony Piña, while incarcerated at Kern Valley State Prison in

17  Delano, California, and proceeding pro se, filed this civil rights Complaint pursuant to 42

18  U.S.C. § 1983 on September 7, 2021.  (*See* "Compl.," ECF No. 1 at 1.)  Piña claimed

19  Sacuan Security and Police and the San Diego Police Department violated his "legal

20  rights" on an unspecified occasion when an unidentified security guard assaulted him at

21  the Sycuan Casino, and refused to return his personal property.  (*See id.* at 3.)

22  **I.      Procedural History**

23          Piña did not prepay the civil filing fee required by 28 U.S.C. § 1914(a) at the time

24  he filed his Complaint, but instead filed a Motion to Proceed In Forma Pauperis ("IFP")

25  pursuant to 28 U.S.C. § 1915(a).  (*See* ECF No. 2.)  On December 3, 2021, the Court

26  granted Piña's Motion to Proceed IFP, but dismissed his Complaint for failing to state

27  claim and as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).  (*See*

28  ECF No. 3.)  Piña was notified of his pleading deficiencies, and granted 45 days leave in

1  which to file an Amended Complaint that fixed them.  (*Id.* at 5–9.)  Piña was also warned

2  his failure to amend would result in the dismissal of his case.  (*Id.* at 9–10, *citing Lira v.*

3  *Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of

4  the opportunity to fix his complaint, a district court may convert the dismissal of the

5  complaint into a dismissal of the entire action.").)

6      Piña's Amended Complaint was due on or before January 17, 2022.  More than

7  three weeks have elapsed since that time, but to date, Piña has failed to amend, and has

8  not requested an extension of time in which to do so.[1]  "The failure of the plaintiff

9  eventually to respond to the court's ultimatum–either by amending the complaint or by

10  indicating to the court that [he] will not do so–is properly met with the sanction of a Rule

11  41(b) dismissal."  *Edwards v. Marin Park*, 356 F.3d 1058, 1065 (9th Cir. 2004).

12  **II.    Conclusion and Order**

13      Accordingly, the Court **DISMISSES** this civil action in its entirety based on

14  Plaintiff's failure to state a claim upon which § 1983 relief can be granted pursuant to 28

15  U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1), and his failure to prosecute as required by

16  Court's December 3, 2021 Order requiring amendment.

17      The Court further **CERTIFIES** that an IFP appeal would not be taken in good

18  faith pursuant to 28 U.S.C. § 1915(a)(3) and **DIRECTS** the Clerk to enter a final

19  judgment of dismissal and close the file.

20      **IT IS SO ORDERED**.

21  Dated: February 9, 2022

22

23  Hon. John A. Houston
   United States District Judge

24

25

26

---

27  [1] In fact, the Court's December 3, 2021 Order (ECF No. 3) was returned to the Clerk of Court as undeliverable by the U.S. Post Office on December 20, 2021, with a notation that Plaintiff was "discharged

28  from CDCR custody." (*See* ECF No. 4 at 1.) "A party proceeding pro se must keep the court and opposing parties advised as to current address" pursuant to S.D. Cal. CivLR 83.11.b.